UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WILSON LLANOS,                                          :

                Petitioner,               :

        -against-                                :

GLENN S. GOORD, Commissioner, New York        :
Department of Corrections & WILLIAM BROWN,
Superintendent, Eastern Correctional Facility,        :

             Respondents.              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

06 Civ. 0261 (RJH) (AJP)

**OPINION AND ORDER
DENYING APPOINTMENT
   OF CJA COUNSEL   **

**ANDREW J. PECK, United States Magistrate Judge:**

        Presently before the Court is the January 16, 2006 letter application by Leonard J.

Levinson, Esq., seeking to be appointed as counsel for habeas petitioner Llanos pursuant to the

Criminal Justice Act ("CJA"). For the reasons set forth below, the application is <u>DENIED</u>.

<u>FACTS</u>

        According to Mr. Levinson's letter, he has "been representing Mr. Llanos in the matter

of <u>People</u> v. <u>Llanos</u> in [New York] State Court since the latter part of 2000," including working on

Llanos' appeals to the First Department and New York Court of Appeals. (Levinson 1/16/06 Letter

to Court at 1.) Mr. Levinson prepared the present habeas petition for Llanos "in hopes of being

assigned." (<u>Id</u>.) Mr. Levinson stated that Llanos "is indigent and his family which had financed his

state appeals does not have sufficient funds to compensate [Mr. Levinson] for any work" on the

habeas petition. (<u>Id</u>.) Commendably, Mr. Levinson stated that: "If you do not assign me, I will

continue as his attorney either as pro bono counsel or whatever other arrangements I can make with his family." (<u>Id</u>.)

Mr. Levinson is not a member of this Court's CJA Panel nor its CJA habeas corpus panel.

## **ANALYSIS**

There is no constitutional right to representation by counsel in habeas corpus proceedings. <u>Green</u> v. <u>Abrams</u>, 984 F.2d 41, 47 (2d Cir. 1993) (citing <u>United States ex el.</u> <u>Wissenfeld</u> v. <u>Wilkins</u>, 281 F.2d 707, 715 (2d Cir. 1960)); <u>see</u>, <u>e.g.</u>, <u>Wright</u> v. <u>West</u>, 505 U.S. 277, 293, 112 S. Ct. 2482, 2490 (1992); <u>Harris</u> v. <u>United States</u>, 367 F.3d 74, 77 (2d Cir. 2004); <u>Felix</u> v. <u>United States</u>, 05 Civ. 3925, 01 Cr. 984, 2005 WL 2088400 at *2 (S.D.N.Y. Aug. 29, 2005); <u>Brito</u> v. <u>Burge</u>, 04 Civ. 1815, 2005 WL 1837954 at *1 (S.D.N.Y. Aug. 3, 2005).[1]

The Criminal Justice Act ("CJA") provides: "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). Thus, under 18 U.S.C. § 3006A, this Court has the discretion to appoint counsel to represent a pro se habeas petitioner, "[w]henever . . . the interests of justice so

---

[1] See also, <u>e.g.</u>, <u>Diaz</u> v. <u>Conway</u>, 04 Civ. 5062, 2005 WL 1773631 at *1 (S.D.N.Y. July 26, 2005); <u>Ferrer</u> v. <u>Artus</u>, 04 Civ. 5063, 2005 WL 1653878 at *1 (S.D.N.Y. July 13, 2005); <u>Robinson</u> v. <u>Filion</u>, 04 Civ. 5356, 2005 WL 525450 at *1 (S.D.N.Y. Mar. 4, 2005); <u>Curry</u> v. <u>People of the State of New York</u>, No. 04 CV 1263, 2005 WL 486845 at *5 (E.D.N.Y. Jan. 4, 2005); <u>Mendez</u> v. <u>Senkowski</u>, 98 Civ. 6706, 1999 WL 799536 at *1 (S.D.N.Y. Oct. 6, 1999); <u>Coita</u> v. <u>Leonardo</u>, 1998 WL 187416 (N.D.N.Y. Apr. 14, 1998).

require." 18 U.S.C. § 3006A(a)(2); accord, e.g., Felix v. United States, 2005 WL 2088400 at *2; Brito v. Burge, 2005 WL 1837954 at *1; Morris v. Reynolds, 98 Civ. 5439, 1999 WL 632850 at *1 (S.D.N.Y. Aug. 19, 1999) (Peck, M.J.).[2/]

        In deciding whether to exercise its discretion to appoint counsel under the CJA for a habeas petitioner, "courts in this circuit have looked to such factors as the petitioner's likelihood of success on the merits, the complexity of the legal issues raised by the petition, and the petitioner's ability to investigate and present the case." De Los Rios v. United States, 86 Cr. 279, 1994 WL 502635 at *6 (S.D.N.Y. Sept. 14, 1994); accord, e.g., Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001); Brito v. Burge, 2005 WL 1837954 at *1-2; Diaz v. Conway, 2005 WL 1773631 at *1; Lawrence v. INS, 00 Civ. 2154, 2000 WL 1864040 at *3 n.4 (S.D.N.Y. Dec. 21, 2000) (Peck, M.J.).[3/] These factors essentially are similar to the standards utilized for appointment

---

[2/]    See also, e.g., Diaz v. Conway, 2005 WL 1773631 at *1; Ferrer v. Artus, 2005 WL 1653878 at *1; Robinson v. Filion, 2005 WL 525450 at *1; Curry v. People of the State of New York, 2005 WL 486845 at *5; Millan v. Keane, 97 Civ. 3874, 1999 WL 178790 at *2 (S.D.N.Y. Mar. 31, 1999), aff'd, 208 F.3d 203 (2000), cert. denied, 531 U.S. 1084, 121 S. Ct. 789 (2001); Rennie v. Artuz, No. 97 CV 1508, 1997 WL 403161 at *1 (E.D.N.Y. July 10, 1997); Jackson v. Walker, 96 Civ. 1064, 1997 WL 97832 at *2 (S.D.N.Y. Mar. 6, 1997); see generally Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

[3/]    See, e.g., Ferrer v. Artus, 2005 WL 1653878 at *1-2; Robinson v. Filion, 2005 WL 525450 at *1; United States v. Doe, 01 Cr. 782, 2005 WL 167601 at *1, 7 (S.D.N.Y. Jan. 25, 2005); Curry v. People of the State of New York, 2005 WL 486845 at *5; Velasquez v. Edwards, 00 Civ. 8784, 2004 WL 3030057 at *1 (S.D.N.Y. Dec. 30, 2004); Haney v. Leonardo, No. CV-91-3577, 1993 WL 173627 at *3 (E.D.N.Y. May 13, 1993); Saldina v. Thornburgh, 775 F. Supp. 507, 511-12 (D. Conn. 1991); Vaughan v. United States, 647 F. Supp. 826, 827 (S.D.N.Y. 1986).

of pro bono counsel in other civil cases.  <u>See generally</u> <u>Cooper</u> v. <u>Sargenti Co.</u>, 877 F.2d 170, 172 (2d Cir. 1989); <u>Hodge</u> v. <u>Police Officers</u>, 802 F.2d 58, 61-62 (2d Cir. 1986).

In this case, at this time – before the State has responded to the petition – this Court cannot determine petitioner's likelihood of success.  Moreover, the issues raised in the habeas petition before this Court appear to be the same as issues raised before and rejected by the First Department.  Thus, even in the absence of counsel for Llanos' habeas petition, a pro se petitioner could adequately present a habeas case like this by relying on his state court submissions.

Indeed, where a petitioner's habeas claims may fairly be heard on written submissions, the appointment of counsel under the CJA generally is not warranted, and ordinarily should be denied.  <u>See</u>, <u>e.g.</u>, <u>Lango</u> v. <u>Smith</u>, 04 Civ. 6131, 2006 WL 510511 at *2 (S.D.N.Y. Feb. 27, 2006); <u>Vincent</u> v. <u>Smith</u>, 05 Civ. 7852, 2006 WL 452895 at *1 (S.D.N.Y. Feb. 22, 2006); <u>Brito</u> v. <u>Burge</u>, 2005 WL 1837954 at *1; <u>Velasquez</u> v. <u>Edwards</u>, 2004 WL 3030057 at *1; <u>Mendez</u> v. <u>Senkowski</u>, 1999 WL 799536 at *1; <u>Coita</u> v. <u>Leonardo</u>, 1998 WL 187416 at *1; <u>Adams</u> v. <u>Greiner</u>, 97 Civ. 3180, 1997 WL 266984 at *1 (S.D.N.Y. May 20, 1997).

Finally, even were appointment of CJA counsel appropriate (which it is not), the Court would not appoint Mr. Levinson, who is not on the Court's CJA panel.  If the Court were to appoint Mr. Levinson here at Government expense, every habeas petitioner could apply to have his state court counsel appointed under the CJA for habeas purposes; neither Llanos' case nor Mr. Levinson's involvement and skill are sufficiently "special" to justify his appointment.

Mr. Levinson's letter asserts that "appointment of non panel attorneys in the interests of justice is common practice in this court and has been authorized in other districts, as well as this district," and he cites six decisions. (1/16/06 Levinson Letter to Court at 2.) None of those cases are on point, much less authority for the claim that it is "common practice." None of the six cases involved a habeas petition. Only in one of the six cases was state counsel of choice appointed for the federal criminal trial.[4/]

Surprisingly, one of the six cases Mr. Levinson cited (albeit a federal criminal trial situation and not a habeas petition) specifically held that it is <u>not</u> usual to appoint prior state counsel under the CJA, the opposite of what Mr. Levinson claims. In <u>United States</u> v. <u>Rahman</u>, 93 Crim. 181, 1993 WL 410449 (S.D.N.Y. Oct. 13, 1993), Judge Mukasey denied the request of a defendant to appoint counsel of his choice (his state court counsel) for the related federal criminal proceedings. In language particularly applicable to Mr. Levinson's claim that he should be appointed because of his knowledge from his prior state representation of Llanos, Judge Mukasey stated:

> [I]t is not uncommon in this court to encounter a situation in which counsel previously retained privately is familiar with the underlying facts but cannot continue to serve because a client cannot continue to retain that attorney. . . . Such familiarity and relationship . . . does not then become the basis for appointing previously retained counsel.

<u>Id</u>., 1993 WL 410449 at *2.

---

[4/] That case was <u>United States</u> v. <u>Wilson</u>, 354 F. Supp. 2d 246, 249 (S.D.N.Y. 2005), where Judge Garaufis appointed state court counsel to be "learned" counsel in a federal death penalty prosecution, noting that "there are relatively few members of the bar who are suitable for [such] appointment."

## CONCLUSION

Appointment of counsel under the CJA is not warranted. Even if it were, Mr. Levinson has not made a sufficient showing to support his appointment under the CJA, as opposed to counsel from the Court's CJA Panel. Llanos' letter application for appointment of Mr. Levinson as habeas counsel under the CJA is <u>DENIED</u>.

SO ORDERED.

Dated:     New York, New York
           March 9, 2006

                                   **Andrew J. Peck**
                                   United States Magistrate Judge

Copies to:    Leonard J. Levinson, Esq.
              Judge Richard J. Holwell